**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL SYKES,

      Petitioner,                      CASE NO. 2:11-CV-12362
                                          HONORABLE NANCY G. EDMUNDS
v.                               UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND**
**DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought by a state inmate under 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

1

## I. Background

Petitioner currently is incarcerated at the Carson City Correctional Facility.  He pleaded guilty to malicious destruction of fire or police property, MICH. COMP. LAWS § 750.377B, two counts of burning real property, MICH. COMP. LAWS § 750.73, and malicious destruction of personal property, MICH. COMP. LAWS § 750.377A(1)(b)(1), in Monroe Circuit Court.  He was sentenced on August 8, 2008, to a controlling term of 4-to-10 years in prison.  Petitioner alleges that he filed an application for the commutation of his sentence that was denied by the Governor on February 24, 2011.

## II. Discussion

Petitioner contends that his due process rights were violated because the Governor's denial of his application for commutation was based only on the Michigan Parole and Commutation Board's recommendation and without his personal knowledge of the relevant facts.  To establish a procedural due process violation as alleged by Petitioner, he must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir.2006); *see also Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006).

Petitioner's due process claim fails because Petitioner has no liberty interest in the commutation of his sentence.  The Supreme Court has recognized that "'an inmate has no "constitutional or inherent right'" to commutation of his sentence.'" *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280(1998) (quoting *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981)) (*quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that an inmate has no constitutional entitlement to release on

2

parole)).  Clemency proceedings ordinarily are left to the discretion of the executive and "'are rarely, if ever, appropriate subjects for judicial review.'" *Woodard*, 523 U.S. at 280 (*quoting Dumschat*, 452 U.S. at 464); *see also Workman v. Summers*, 111 F. App'x 369, 371 (6th Cir. 2004); *Workman v. Bell*, 245 F.3d 849, 851 (6th Cir. 2001).  While judicial intervention may be appropriate in extraordinary death penalty cases to ensure that the procedure is not entirely arbitrary, non-death penalty cases do not implicate any federal interest. *See Woodard*, 523 U.S. at 289 (O'Connor, J., concurring with three other Justices and distinguishing *Dumschat*, a non-death case); *Workman*, 245 F.3d at 851.

Because Petitioner has no constitutional right to commutation of his sentence, a liberty interest is present only if state law entitles an inmate to clemency.  States may create a protectable liberty interest through the enactment of regulations and procedural rules that limit the discretion of state officials in making parole or commutation decisions. *Greenholtz*, 442 U.S. at 7; *Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983).  However, the Supreme Court has recognized that such liberty interests ordinarily involve only those restrictions that place "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Woodard*, 523 U.S. at 283.  "Thus, *Sandin* teaches that we should be hesitant to find a protected liberty interest in policy directives governing parole or commutation hearings, given that a change in the state's procedures typically will not cause a significant hardship on the inmate in relation to the ordinary incidents of prison life." *Moran v. McGinnis*, No. 95-1330, 1996 U.S. App. LEXIS 17301, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *see also Woodard*, 523 U.S. at 283.

Under the Michigan Constitution, the Governor has the exclusive power to grant

3

commutations and pardons:

> The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, subject to procedures and regulations prescribed by law.  He shall inform the legislature annually of each reprieve, commutation and pardon granted, stating reasons therefor.

Mich. Const. 1963, art. 5, § 14.   The Governor's constitutional power to commute sentences is broadly discretionary.   In light of this discretion, the Sixth Circuit has concluded that Michigan prisoners do not have a state-created liberty interest in the Michigan Parole Board's procedures in recommending to the Governor whether a sentence should be commuted. *See Moran*, 1996 U.S. App. LEXIS 17301, 1996 WL 304344, at *2 (*citing Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (finding no constitutionally protected interest in any parole board procedure)); *see also Goree v. Burt*, No. 05-CV-74592, 2006 U.S. Dist. LEXIS 93439, 2006 WL 3832814, at *1 (E.D. Mich. Dec. 28, 2006) (rejecting the proposition that MICH. PAROLE BD. POLICY DIRECTIVE 45.12 creates a liberty interest in eligibility for sentence commutation).

As the *Dumschat* court concluded about Connecticut commutation procedures, a Michigan "felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope." *Dumschat*, 452 U.S. at 465 (footnote omitted).  Because Petitioner has no liberty interest in the commutation of his sentence, he fails to raise a meritorious due process ground for habeas relief. Consequently, Petitioner has failed to assert a constitutional claim cognizable in a federal habeas proceeding.

### III. <u>Conclusion</u>

4

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

The Court will also deny Petitioner a Certificate of Appealability.  Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  For the reasons stated in this opinion, the Court will deny a Certificate of Appealability because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

5

### IV.  Order

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.


s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated:  June 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on June 7, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer_____
Case Manager

_____